JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SA CV 25-646-DMG (JPRx) | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Leila Marie McCoy v. County of Orange Dept of Social Services, et al.* | Page | 1 of 1 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On March 25, 2025, Plaintiff Leila Marie McCoy filed the complaint and request to proceed *in forma pauperis* ("IFP") in this action. On April 17, 2025, the Court screened her complaint pursuant to 28 U.S.C. § 1915(e) and dismissed it with leave to amend. The Court also denied her IFP request with leave to refile. The Court gave McCoy until May 19, 2025 to file an amended complaint and updated IFP request. In addition, the Court warned McCoy that "[f]ailure to timely file an amended complaint, to comply with this Order, or to remedy the deficiencies identified herein will result in the dismissal of this matter without prejudice for failure to prosecute, to state a claim, and/or to comply with a Court Order." [Doc. # 17 at 4.] To date, McCoy has not amended her complaint and has not taken any action in response to the Order. She appears to have abandoned the case.

Five factors apply when considering whether to dismiss an action for failure to prosecute or comply with a Court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). These factors all favor dismissal here. McCoy's failure to litigate this action notwithstanding the Court's explanation and opportunity to correct the deficiencies weighs in favor of dismissal. It appears McCoy does not intend to or cannot litigate this action or comply with the Court's instructions. Dismissal will not prejudice the defense at this early stage. Nor will maintaining this action result in a disposition on the merits, given McCoy's lack of prosecution. Finally, the Court has already attempted less drastic measures.

Accordingly, the Court **DISMISSES** this action without prejudice for failure to prosecute and to comply with a court order. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk DD |
|---|---|---|